Josephine Linker Hart, Justice, concurring in part and dissenting in part. I agree with the majority’s holding that the negligence claim in this case is not amenable to class certification and should be decertified. I respectfully dissent, however, from hsthe majority’s conclusion that the circuit court properly certified as a class action appellees’ claims that were based on contract, unjust enrichment, and the Arkansas Deceptive Trade Practices Act, In GGNSC Arkadelphia, LLC v. Lamb, 2015 Ark. 253, 465 S.W.3d 826, this court emphasized that the common factual and legal issues predominated over the individual issues because all residents relied on a standard admission agreement and statutory law to assert chronic understaffing. In Lamb, chronic understaffing was shown through an objective examination of the mandatory written reports of all shifts that failed to meet minimum staffing requirements. Ark. Code Ann. § 20-10-1407 (Repl. 2014), Thus, understaffing could be determined on a classwide basis. Here, however, the majority goes a step further. There is no suggestion of chronic understaffing in violation of the statutory staffing-to-resident ratios provided in Ark. Code Ann. § 20-10-1403. Rather, appel-lees are relying on the general language that “the staffing standard required by this subchapter shall be the minimum number of direct-care staff required by nursing facilities and shall be adjusted upward to meet the care needs of residents.” Ark. Code Ann. § 20-10-1402(b)(1). Unlike a determination of staffing that is based on specific ratios, this staffing standard is subjective and leaves the court without an objective standard to ascertain, on a class-wide basis, whether Robinson was understaffed. A determination of the care needs of the residents and whether any upward adjustment was required would require a highly individualized inquiry as to each resident because each resident clearly had different care needs. | ^Because the court must consider each class member’s care needs, there is no one set of operative facts to establish appellants’ liability to any given class member. Rather, the issue of understaffing and whether each class member’s care needs were met is sufficiently individualized and fails to satisfy the commonality and predominance requirements. Thus, even though appellees allege understaffing, this case is not similar to Lamb, and it was inappropriate for the circuit court to certify the case as a class action. • Womack, J., joins.